Jose Pastor ESCOBAR–JOHNSON,
Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 13–73204.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 24, 2015.

Jose Pastor Escobar–Johnson, San Jose, CA, pro se.

OIL, Gregory Darrell Mack, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Jose Pastor Escobar–Johnson, a native and citizen of Honduras, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

substantial evidence the agency's factual findings. *Ayala v. Holder,* 640 F.3d 1095, 1097 (9th Cir.2011) (per curiam). We review for abuse of discretion the denial of a motion to remand. *Romero–Ruiz v. Mukasey,* 538 F.3d 1057, 1062 (9th Cir.2008). We dismiss in part, deny in part, grant in part, and we remand.

We lack jurisdiction to consider Escobar–Johnson's request for prosecutorial discretion. *See Vilchiz–Soto v. Holder,* 688 F.3d 642, 644 (9th Cir.2012) (order). Escobar–Johnson has not challenged the agency's determination that he failed to credibly establish the required continuous physical presence to qualify for cancellation of removal. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996). We do not address Escobar–Johnson's hardship contentions because the agency did not reach this issue. *See Santiago–Rodriguez v. Holder,* 657 F.3d 820, 829 (9th Cir.2011) (our review is limited to the grounds relied upon by the agency).

The record does not compel the conclusion that Escobar–Johnson has shown changed or extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(4)-(5). Thus, Escobar–Johnson's asylum claim fails.

The BIA did not abuse its discretion in not remanding based on the supplemental evidence that Escobar–Johnson submitted with his appeal to the BIA. *See Romero–Ruiz,* 538 F.3d at 1062.

In denying Escobar–Johnson's withholding of removal claims, the agency found he failed to establish past persecution or a clear probability of future persecution on account of a protected ground. However, the BIA did not discuss the impact, if any,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of this court's recent decisions in *Henriquez–Rivas v. Holder*, 707 F.3d 1081 (9th Cir.2013) (en banc) and *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir.2013). Further, when the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decision in *Pirir–Boc v. Holder*, 750 F.3d 1077 (9th Cir.2014), or the BIA's decisions in *Matter of M–E–V–G–*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W–G–R–*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Escobar–Johnson's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Finally, the BIA's determination that Escobar–Johnson was not eligible for CAT relief, at least in part because the government was not made aware of the threats against Escobar–Johnson, is not supported by the record. Escobar–Johnson's declaration indicates he confidentially reported assaults by the gang to the authorities and the gang members found out that he had denounced them. Thus, we also remand Escobar–Johnson's CAT claim for further analysis. *See id.*

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.